UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

24 HOUR FITNESS U.S.A., INC.,

        Plaintiff,

- against -

24/7 TRIBECA FITNESS, L.L.C., et al.,

        Defendants.

MEMORANDUM
OPINION & ORDER

03 Civ. 4069 (RLE)

---

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff, 24 Hour Fitness ("24 Hour"), requests that the Court impose sanctions in the form of costs and attorney's fees on defendant 24/7 Tribeca Fitness ("24/7") and two nonparty witnesses for those witnesses' initial failure to respond to subpoenas and attend depositions in March of 2004. Since that time, the witnesses have attended depositions, discovery has closed, a bench trial has taken place in April 2006, and the parties have submitted post-trial briefs in May 2006. For the following reasons, 24 Hour's request for sanctions is **DENIED**.

## II. BACKGROUND

On February 20, 2004, 24 Hour issued two subpoenas pursuant to Federal Rule of Civil Procedure ("FRCP") 45, noticing the depositions of two 24/7 employees, Barbara and Adolphus Holden, for March 3 and March 5, 2004, respectively. Counsel for 24 Hour, Susan Hollander, who is based in California, flew to New York to attend the depositions, but was notified by 24/7's counsel on March 3 that Barbara Holden would not be attending that day. The next day, 24/7's counsel reported that Barbara Holden would attend a deposition on the same day as Adolphus Holden, March 5. However, that evening, counsel again informed that neither of the two would

appear the next day and Hollander flew back to California without having taken either witnesses' deposition. On March 16, 2004, the Court ordered the Holdens to show cause why they should not be held in contempt of court for failing to attend the depositions.

In response, Barbara Holden filed an affidavit on March 23, 2004 ("Barbara Holden Aff."). She stated that she is an independent sales consultant working for 24/7 as an independent fitness trainer. Barbara Holden Aff. ¶¶ 1, 12. She was not aware of the subpoena because her ex-husband, Adolphus Holden, signed for them when they were delivered and forwarded them to Peter Williams, the owner of the 24/7 facility in which they work, because he is the named party in this litigation. **Id**. ¶ 6. "Just prior" to the date upon which she was noticed to appear, Barbara Holden spoke with counsel for 24/7 and learned that she had a personal and legal obligation to respond to the subpoena. **Id**. ¶ 7. She sought to change her work schedule, attempting to cancel individual client meetings for March 3, and was unable to do so. **Id**. ¶ 8. She also attempted to clear her schedule for March 5, and was again unable to do so. **Id**. ¶¶ 8-9. At some point, she also considered contacting her own counsel, since 24/7's counsel is not representing her. **Id**. ¶ 10.

Adolphus Holden responded by affidavit on March 23, 2004 ("Adolphus Holden Aff."). He stated that he is an independent managerial consultant for 24/7. Adophus Holden Aff. ¶ 1. Adolphus Holden admitted that he made an initial mistake in failing to recognize that the subpoenas personally delivered to him noticed himself and Barbara Holden for depositions. **Id**. ¶ 5. When the subpoenas arrived, he noted only that they involved the instant litigation and forwarded them to Peter Williams. **Id**. ¶¶ 6-7. He stated that Barbara Holden never saw the subpoenas since he signed for envelopes addressed to them both. **Id**. ¶ 8. He also stated that he

did not actually know about the dates of the depositions until March 4, the day before his was to take place. **Id**. ¶ 9. He had already scheduled a business trip to Florida and, at that point, was on his way to the airport. **Id**.

Counsel for 24/7, Matthew Hearle, informed the Court that he received Notices of Deposition for Barbara and Adolphus Holden. His office does not represent the Holdens, but as the dates approached, he attempted to contact them and confirm their attendance for the March 3 and 5 depositions. When Hearle first spoke with Barbara Holden, she said that she could not make the March 3 date, but when Hearle informed her of her obligation to respond to the subpoena, she agreed to appear on March 5. Hearle asked her to help him contact Adolphus Holden, whom he had not yet been able to contact. On March 4, Hearle met with Barbara Holden, who then told him that she would not come to the deposition because she had not yet consulted her own counsel. She indicated a reluctance to disrupt her business. Barbara Holden also informed Hearle that Adolphus Holden would not attend the next day because of his business trip to Florida. Hearle thereafter communicated these events to counsel for 24 Hour.

24 Hour disputed some of the facts underlying the Holden's affidavits. First, their process server obtained Barbara Holden's signature upon delivering a subpoena to her. Second, 24 Hour argued that the Holdens are under the control of 24/7 as employees and/or managers, while the Holdens both stated that they are independent contractors. 24 Hour argued Adolphus Holden stands in place of 24/7 as the manager of two of its facilities, and referred to some documents produced in discovery which identify Barbara Holden as a member of the management of one of the facilities, although 24 Hour did not include that document in submissions to the Court.

## III. DISCUSSION

"The only authority in the Federal Rules of Civil Procedure ["FRCP"] for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum is Rule 45(f) [, now Rule 45(e)]." **Application of Sumar**, 123 F.R.D. 467, 473 (S.D.N.Y. 1988). According to Rule 45(e), "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." The Court has the power under this rule to impose contempt simply on the basis of failure to comply with a subpoena. **Diamond v. Simon**, 1994 WL 10622, at *1 (S.D.N.Y. Jan. 10, 1994); **Daval Steel Prod. v. M/V Fakredine**, 951 F.2d 1357, 1364 (2d Cir. 1991). However, in order to impose sanctions on the nonparty, violation of a court order is generally required in addition to the failure to comply with the subpoena. *See, e.g.,* **PaineWebber Inc. v. Acstar Ins. Co.**, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) (nonparty failed to comply first with subpoena and subsequent court order); **Cruz v. Meachum**, 159 F.R.D. 366, 368 (D. Conn. 1994) ("Before sanctions can be imposed under [FRCP] 45(e), there must be a court order compelling discovery."); **Forum Ins. Co. v. Keller**, 1992 WL 297580, at *2-3 (S.D.N.Y. Oct. 8, 1992).

Here, the Court's first involvement in the instant discovery dispute was the March 16 order to the Holdens to show cause why they should not be held in contempt of court for their failure to appear at the depositions. The Holdens responded promptly, and depositions were then scheduled. The Court does not condone the Holdens' initial ignorance of the subpoenas, which impose a legal obligation not to be taken lightly. Their failure to notice this obligation, even combined with the business obligations that could not be rescheduled, do not serve as the "adequate" excuse the rules require. FRCP 45(e). There is no evidence that they are

4

unsophisticated, but it appears that they were simply careless. Because they responded to the Court's order, however, no sanctions are warranted.

The Court also finds that sanctions against defendants are unwarranted. "[A] party may be sanctioned for a non-party witness' failure to testify under two provisions: (1) under Rule 37(a), where the witness who has been designated to testify defies a court order compelling the deposition; and (2) under rule 37(d), where a witness designated to testify as to specific matters fails to appear for the deposition after being served with proper notice." **Magee v. Paul Revere Life Ins. Co.**, 178 F.R.D. 33, 38 (E.D.N.Y. 1998).

As an initial matter, it is unclear whether the Holdens are under the control of 24/7, or whether they were designated to testify such that sanctions could issue under FRCP 37(a) or (d). 24 Hour issued the subpoenas to the Holdens under FRCP 30 and 45, but has not argued here that they were designated to testify to a specific matter, which would bring them under the purview of FRCP 37(d) even if they are not managers or employees. There is also insufficient evidence that 24/7 or its counsel assumed the responsibility to produce the Holdens, which could warrant sanctions under FRCP 37(d) for nonappearance. **PrecisionFlow Tech., Inc. v. CVD Equip. Corp.**, 198 F.R.D. 33, 37-38 (N.D.N.Y. 2000) ("[S]anctions may be imposed upon a party or its counsel under Rule 37(d) for the nonappearance of a witness who is not an officer, director or managing agent or had been designate as a representative of a party for any other purpose if the party assumed responsibility for the appearance of the witness at the deposition.").

In any event, the Court finds that the conduct at issue here is not sanctionable. The depositions of the Holdens were eventually taken. Neither defendants nor the Holdens disobeyed an order of the Court. 24 Hour has argued that the Holdens made false allegations in their

affidavits since Barbara Holden was personally served with her subpoena but has denied that fact. Whether Barbara Holden's statements about the personal service are a mistake, a misrepresentation, or the result of faulty memory, the fact remains that she admits she ignored the subpoena. While the Court does not condone this behavior, the Holdens were not directly involved in the litigation; in fact, in the end, their depositions were short and they did not testify at trial. The Court does note that 24/7's counsel should have communicated more clearly with 24 Hour about his inability to locate and/or control the witnesses as the time for their depositions came near, but finds this failure not sanctionable. Because neither the nonparties nor the defendants disobeyed a court order in this matter, sanctions shall not issue. *See* **Daval Steel Prod.**, 951 F.2d at 1363-64.

In addition, the costs incurred by 24 Hour because of the Holdens' failure to appear were either avoidable, unreasonable, or not wasted. 24 Hour has not argued that it was necessary for California counsel to fly to New York and stay for one week in order to take two short depositions of nonparty witnesses when there is competent local counsel. All preparation time was eventually useful because the depositions were taken later. The remaining time counsel claims was spent in preparing this motion (roughly twenty hours by the Court's estimations), seems an unreasonable amount for a letter motion on a collateral issue which ultimately had no bearing on the case. For the foregoing reasons, 24 Hour's motion for sanctions is **DENIED**.

**SO ORDERED this 6th day of July 2006**
**New York, New York**

*Ronald E.*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**