SDNY/NYNY
03-cv-4069
Ellis

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 6th day of September, two thousand seven.

UNITED STATES COURT OF APPEALS
FILED
SEP - 6 2007
Catherine O'Hagan Wolfe, Clerk
SECOND CIRCUIT

Present:   HON. ROBERT A. KATZMANN,
           HON. BARRINGTON D. PARKER,
           HON. PETER W. HALL,

                                    *Circuit Judges.*

---

24 HOUR FITNESS USA, INC.,

                    *Plaintiff-Appellant,*

                                              No. 06-4183-cv

        - v -

24/7 TRIBECA FITNESS, LLC, PETER WILLIAM
ENTERPRISES, INC., PETER WILLIAMS, and 24/7
GYM, LLC,[1]

                    *Defendants-Appellees.*

---

[1] The Clerk of the Court is directed to amend the caption and delete "Does 1-10."

| For Plaintiff-Appellant: | SETH A. GOLD, (SUSAN E. HOLLANDER, LAURA M. FRANCO, BENJAMIN G. SHATZ, *on the brief*) Manatt, Phelps & Phillips, LLP, Palo Alto, CA |
|---|---|
| For Defendants-Appellees: | MATTHEW HEARLE, Goldberg Weprin & Ustin, LLP, New York, NY |

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

This appeal follows a bench trial before Magistrate Judge Ellis on a trademark dispute between two fitness centers, plaintiff 24 Hour Fitness USA, Inc. and defendant 24/7 Tribeca Fitness, LLC. We assume the parties' familiarity with the underlying facts and procedural history in this case.

Plaintiff argues that the lower court erred in finding no likelihood of confusion under the non-exclusive multi-factor test developed by Judge Friendly in *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (2d Cir. 1961). Magistrate Judge Ellis's "findings with regard to each individual factor are subject to the clearly erroneous standard of review, but the ultimate issue of the likelihood of confusion is reviewed *de novo.*" *Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739, 743 (2d Cir. 1998). Plaintiff argues that because its "incontestable mark is conclusively presumed to have inherent distinctiveness," the trial court committed legal error in forcing it to bear the burden of proving that its mark was inherently distinctive. However, as we have explained, "the strength of a descriptive mark made incontestably distinctive for protectability purposes by registration for more than five years is a matter also properly considered by a trial court on the issue of likelihood of confusion." *Gruner + Jahr USA*

2

*Publ'g v. Meredith Corp.*, 991 F.2d 1072, 1078 (2d Cir. 1993). Nor do we find clearly erroneous the determination that plaintiff's mark is descriptive or "at best, suggestive," of a broader lifestyle message, thus indicating that the mark is not inherently distinctive. As to plaintiff's claim that its mark has strong acquired distinctiveness, Magistrate Judge Ellis did not err in concluding that within the relevant consumer market of the New York City area the mark is not very strong. While plaintiff argues that in Magistrate Judge Ellis only considered whether there is a likelihood of confusion by plaintiff's customers, the record demonstrates that this was not the focus of his competitive proximity analysis. Plaintiff next asks us to find clearly erroneous the trial court's factual finding that if plaintiff opened a fitness center in New York in the future it would open a co-branded facility; there was competing evidence on this question, and we see no reason to disturb the factfinder's determination. Nor do we find clearly erroneous the determination that the evidence of actual confusion was inconclusive, given the small number of inquiries and the large number of customers and potential customers. Finally, it was not clearly erroneous to find that consumers are fairly sophisticated in purchasing fitness club memberships given the importance and expense of the decision.

In balancing the *Polaroid* factors *de novo*, we hold that plaintiff's trademark claim fails. While the marks are similar, they operate in different markets, and plaintiff's mark is not strong in the New York market. Although plaintiff may enter the New York market in the future, the evidence suggests it would do so through a co-branded facility with distinct trade dress. Furthermore, there is little evidence of actual confusion, and consumers are fairly sophisticated in this purchasing decision so it is unlikely that they will be confused. Finally, there is no evidence of bad faith here.

Plaintiff next argues that the lower court erred in finding no dilution of its mark.  Largely for the reasons stated above, however, we affirm Magistrate Judge Ellis's determination that plaintiff's mark is insufficiently distinct to merit protection under a dilution theory.

Finally, defendants argue that the lower court erred in denying its request for attorneys' fees, but did not file a cross-appeal.  "[A]bsent a cross-appeal," a party may not "attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below." *Burgo v. Gen. Dynamics Corp.,* 122 F.3d 140, 145 (2d Cir. 1997) (internal quotation marks omitted).  We see no reason to disregard this rule here.

The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By: *Lucille Carr*

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by *Angela Martin*
DEPUTY CLERK

4